IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03062-PAB-MEH

LOXO ONCOLOGY, INC.,
STEVEN ANDREWS,
JOSHUA BALLARD,
BARBARA BRANDHUBER,
GABRIELLE KOLAKOWSKI,
ELIZABETH MCFADDIN,
MEGAN MCKENNEY,
ANDREW METCALF,
TONY MORALES, and
SHANE WALLS,

    Plaintiffs/Counter Defendants,

v.

ARRAY BIOPHARMA, INC.,

    Defendant/Counter Claimant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant/Counter Claimant Array Biopharma, Inc. ("Array") seeks to amend its counterclaims to add a claim for breach of fiduciary duty against Plaintiff/Counter Defendant Steven Andrews (ECF 144). Array has already amended its counterclaims on April 29, 2019 (the deadline for amending pleadings), but states that it did not have the necessary information supporting a counterclaim against Andrews until, at least, May 20, 2019. Plaintiffs/Counter Defendants Loxo Oncology, Inc., et al. ("Loxo") counter that Array should have known about Andrews' alleged conduct well before it filed the motion and that, even if Andrews engaged in the conduct alleged, such conduct does not constitute a breach of fiduciary duty under Colorado law. The Court

concludes that Array's requested amendment is timely and will not unduly prejudice Loxo. As for whether the amendment is futile, the Court finds that Loxo raises issues potentially requiring dispositive findings and, in the interest of justice and judicial efficiency, such issues (at this stage of the litigation) would be better adjudicated under Rule 12(b)(6) or 56 before Chief Judge Brimmer, rather than under Rule 15. Accordingly, the motion to amend is granted.

## BACKGROUND

On November 29, 2018, Loxo and the individual Plaintiffs/Counter Defendants initiated this action, then filed an Amended Complaint as a matter of course on December 2, 2018 seeking a judgment declaring that they did not misappropriate any trade secrets belonging to Array nor violated any confidentiality or non-solicitation provisions of their employment contracts. Am. Compl., ECF 8. Array filed its original answer and counterclaims and a motion for preliminary injunction on December 13, 2018, then sought "limited, expedited discovery" the following day. ECF 16, 17, 23. This Court held a hearing on Array's request for discovery on January 15, 2019, and granted the motion in part. ECF 60. Loxo filed a motion to dismiss Array's counterclaims on January 17, 2019. ECF 62. On February 5, 2019, this Court issued a Scheduling Order and full discovery commenced. ECF 68.

On April 19, 2019, Loxo was granted leave to file a Second Amended Complaint (ECF 107), and on May 3, 2019, Array was granted leave to file the operative Amended Answer and Amended Counterclaims (ECF 120), which was filed within the April 29, 2019 deadline for amendment of pleadings. On May 20, 2019, Loxo filed a motion to dismiss Array's amended counterclaims (ECF 124); the motion is pending before Chief Judge Brimmer. On June 21, 2019, Array filed the present motion to amend its counterclaims to assert one additional claim against Plaintiff/Counter Defendant

2

Andrews for breach of fiduciary duty. Array asserts that it did not know, and could not have known, that Andrews engaged in conduct purportedly supporting the amended claim – that Andrews helped Brandhuber scout locations for Loxo's competing laboratory while he was still an employee of Array.

Loxo counters that Array should have known Andrews engaged in this conduct at the time Loxo deposed Brandhuber on April 9, 2019 and, therefore, Array's June 21, 2019 request to amend is untimely under Fed. R. Civ. P. 16(b). Loxo relies on deposition testimony attached to its response brief. In addition, Loxo argues that the challenged conduct does not violate Colorado law and that the proposed amendment would unduly prejudice Loxo in that Loxo would be required to file a *third* motion to dismiss.

Array replies that the deposition testimony on which Loxo relies does not reveal that Andrews helped Brandhuber scout locations for the competing laboratory and Array has not (until this motion) made any claim that Brandhuber scouted locations for the laboratory; thus, Array contends it could not have known about Andrews' (and Brandhuber's) conduct until Andrews partly revealed it in a declaration filed on May 20, 2019. Array also asserts that it took another four weeks to file the present motion because in the interim, it was tasked with (1) reviewing not only Andrews' and Brandhuber's declarations, but nine others and the opposition brief to which they were attached, and (2) preparing for the June 11, 2019 preliminary injunction hearing (at which Array claims it learned for the first time that the scouting trip(s) were conducted during Array's business hours). Array requested Loxo's position on the proposed amendment one week later before filing the motion. Finally, Array argues that any inconvenience Loxo may experience by filing another motion to dismiss does not constitute undue prejudice under the law.

3

**ANALYSIS**

As stated above, the Court finds that Loxo's futility arguments raise dispositive issues that are better adjudicated under Rule 12(b)(6) or 56; thus, this Court will first analyze whether Array shows good cause for an amendment of the Scheduling Order to add its counterclaim and, if so, whether the proposed amendment will cause Loxo undue prejudice.

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)) (internal quotations omitted). If the movant meets the Rule 16(b)(4) good cause standard and the Rule 15(a) standard to amend the pleadings, the movant has met the requirements to amend the pleadings. *Id.*

**I.      Good Cause under Fed. R. Civ. P. 16(b)(4)**

This Court initially set April 15, 2019 as the deadline for joinder of parties and amendment of pleadings, Sched. Order 18, ECF 68, then granted a joint motion to extend the deadline to April 29, 2019, Order, ECF 100. Array filed its motion seeking to amend its counterclaims on June 21, 2019; therefore, granting Array's motion would necessitate an amendment of the Scheduling Order under Rule 16(b), which requires that Array show good cause. Fed. R. Civ. P. 16(b)(4); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) ("This Circuit adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline." (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir. 1990))).

To show good cause under Rule 16(b)(4), Array "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter*, 451 F.3d at 1205 n.4. If Array "knew of the underlying conduct but simply failed to raise [the] claims," good cause does not exist. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240. "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

However, rigid adherence to the Scheduling Order is not advisable. *SIL-FLO, Inc.*, 917 F.2d at 1519. A failure to seek amendment within the deadline may be excused due to oversight, inadvertence, or excusable neglect. *Id.* Additionally, "Rule 16's good cause requirement may be satisfied ... if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.

Here, the Court holds that good cause exists for an amendment of the Scheduling Order's deadline for joinder of parties and amendment of pleadings. Specifically, Array has demonstrated that it did not know of the conduct giving rise to its proposed counterclaim at the time Array filed the operative answer and counterclaim on April 29, 2019. Loxo argues that Array should have known of Andrews' conduct at Brandhuber's April 9, 2019 deposition; however, the transcript on which Loxo relies reflects nothing concerning Brandhuber and Andrews scouting locations for a competing laboratory. Rather, Brandhuber testified only that she knew Andrews was considering leaving Array at the time she made her decision to leave; they resigned on the same day; Brandhuber was involved in setting up the competing laboratory; she had discussions with Josh Ballard about setting up the lab; she was considering opening the lab both on her own and with Loxo; and, she

5

prepared spreadsheets regarding types of lab equipment and their costs. Deposition of Barbara Brandhuber, April 9, 2019 ("Brandhuber dep."), 110: 23-25; 116: 12-25; 118: 20 – 122: 15, ECF 159-1. The Court finds Array was not on sufficient notice at Brandhuber's deposition to ask Brandhuber whether she and Andrews scouted potential locations for a competing laboratory.

Further, Loxo contends that Array's breach of fiduciary duty counterclaim against Brandhuber, alleged following Brandhuber's deposition, is "identical in nature" to that proposed here and, therefore, Array should have known to allege the same counterclaim against Andrews. Resp. 4. The current counterclaim against Brandhuber alleges:

> Counterclaim-Defendants Brandhuber and Ballard further breached their duty of loyalty to Array by secretly working for Loxo to plan and setup Loxo's competing Boulder laboratory while working at Array and thereafter. After leaving Array, Counterclaim-Defendant Brandhuber intentionally deleted documents and communications related to those efforts. On information and belief, Counterclaim-Defendant Ballard did the same.

Am. Answer & Countercl. ¶ 131, ECF 120. The proposed counterclaim against Andrews states:

> Counterclaim-Defendants Brandhuber, Ballard, and Andrews further breached their duty of loyalty to Array by secretly working for Loxo to plan and setup Loxo's competing Boulder laboratory while working at Array and thereafter. After leaving Array, Counterclaim-Defendant Brandhuber intentionally deleted documents and communications related to those efforts. On information and belief, Counterclaim-Defendant Ballard did the same. On multiple occasions while employed at Array, Counterclaim-Defendants Brandhuber and Andrews scouted locations for the Loxo Boulder laboratory.

Proposed Am. Answer & Am. Countercl. ¶ 131, ECF 144-1. The Court finds the counterclaims are not sufficiently similar to warrant a finding that Array should have known to include Andrews in the initial counterclaim. In fact, Loxo argues that Array, in the initial counterclaim, "alleg[ed] only that this duty was breached because [Brandhuber] looked for lab space for Loxo" and, therefore, Array should have known to ask Brandhuber at her deposition whether Andrews assisted in such

6

"search." But, there is nothing in the initial counterclaim, or in Brandhuber's deposition, reflecting that Brandhuber conducted any physical search for lab space, as alleged in the proposed counterclaim. The Court finds the evidence presented reflects that the first time any such physical search was made known occurred with the May 20, 2019 filing of Brandhuber's affidavit, in which she attests: "Steve and I looked at the buildings that Loxo was considering for its lab during our personal time, while we were still employed at Array. There were very few options available, but possible lab space was found, and a lease was signed around late Spring/Summer of 2017." Declaration of Barbara Brandhuber, May 19, 2019 ("Brandhuber decl.") ¶ 35, ECF 127-3.

Here, Array has presented sufficient proof that it first learned through this discovery of information that it may have a potential breach of fiduciary duty claim against Andrews (and an additional claim against Brandhuber). Accordingly, the Court finds such discovery constitutes good cause to amend the Scheduling Order and extend the deadline for amendment of pleadings to June 21, 2019. *See Gorsuch Ltd., B.C.*, 771 F.3d at 1240.

## II. Undue Prejudice under Fed. R. Civ. P. 15(a)

Federal Rule of Civil Procedure 15(a) instructs courts to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 359–60 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed,

7

or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Prejudice in this context arises when "the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Prejudice occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Here, Loxo argues that it would be prejudiced by the amendment because its pending motion to dismiss "will again be mooted" and Loxo will be required "to file yet another motion to dismiss." Resp. 9. Even if true, the Court finds that while the proposed counterclaim is "different in form" from the operative counterclaim, the new claim involves facts arising from similar underlying allegations and the same parties. The entirety of the proposed counterclaim includes the above-cited proposed amended paragraph 131, the addition of "Andrews" to the first sentence in paragraph 57, and the addition of one sentence to paragraph 57: "For example, while still Array employ[e]es, Counterclaim-Defendants Brandhuber and Andrews scouted locations for Loxo's competing laboratory on multiple occasions." ECF 144-2. Thus, any new motion to dismiss and even any additional discovery would require minimal time and effort. *See Minter*, 451 F.3d at 1208 (finding no prejudice based on "different" subject matter saying, "While the two claims are different in form, there is a significant overlap in the factual underpinnings and defenses.").

Further, Loxo appears to assert that allowing the amendment will adversely affect the discovery deadlines in this case; however, to ensure that no party suffers prejudice, the Court will entertain any request for extension of these deadlines only on a showing of good cause.

8

Accordingly, the Court finds Array has demonstrated Loxo will suffer no undue prejudice as a result of the proposed amendment to its counterclaims.

## CONCLUSION

In sum, the Court finds that any futility argument raised by Loxo would be more efficiently addressed in response to an amended pleading. Additionally, the Court finds good cause for an extension of the deadline for joinder of parties and amendment of pleadings to June 21, 2019, and concludes that Loxo will suffer no undue prejudice as a result of Array's amendment to its counterclaims. Accordingly, Array's Motion for Leave to File [an Answer and] Second Amended Counterclaims [filed June 21, 2019; ECF 144] is **granted** with leave for Loxo to raise its futility arguments in response to the amended pleading. The Clerk of the Court is directed to file the Answer to Second Amended Complaint and Second Amended Counterclaims located at ECF 144-1.

Dated at Denver, Colorado, this 1st day of October, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge