IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03062-PAB-MEH

LOXO ONCOLOGY, INC.,
STEVEN ANDREWS,
JOSHUA BALLARD,
BARBARA BRANDHUBER,
GABRIELLE KOLAKOWSKI,
ELIZABETH MCFADDIN,
MEGAN MCKENNEY,
ANDREW METCALF,
TONY MORALES, and
SHANE WALLS,

    Plaintiffs/Counter Defendants,

v.

ARRAY BIOPHARMA INC.,

    Defendant/Counter Claimant.

## ORDER

This matter is before the Court on Defendant and Counterclaim-Plaintiff Array Biopharma Inc.'s ("Array") Motion to Redact Portions of the June 11, 2019 Hearing Transcript [Docket No. 175] filed on July 22, 2019. On August 12, 2019, Counterclaim Defendants (collectively, "Loxo") filed a response. Docket No. 191-1. Array replied on August 23, 2019. Docket No. 194.

On June 11, 2019, the Court held a hearing on Array's motion for a preliminary injunction. Docket No. 142. During the hearing, the parties agreed to refer to Array's trade secrets using generic names, such as "Trade Secret 1," so as to avoid the risk of revealing any of Array's trade secrets. Docket No. 148 at 3:21-4:12. Array now seeks

to redact twelve words of the preliminary injunction hearing transcript on the basis that Loxo's failure to use those code words has the effect of revealing the nature of Array's trade secret programs. Docket No. 174-1 at 3. Loxo opposes the motion,[1] essentially making two arguments: first, that the information Array seeks to redact is public information, and second, that the presumption of public access outweighs Array's interest in protecting the information for which it seeks redaction. Docket No. 191-1 at 1-2.

"There is a presumption that judicial proceedings are public." *Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*, 2010 WL 2710566, at *3 (D.N.J. July 7, 2010). While this presumption exists, documents may be restricted when the public's right of access is outweighed by interests which favor non-disclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). "The party seeking to seal any part of a judicial record bears the burden of demonstrating that 'the material is the kind of information that courts will protect.'" *Valeant Pharmaceuticals North America LLC v. Mylan Pharmaceuticals Inc.*, 2019 WL 3843052, at *1 (D.N.J. Aug. 15, 2019) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). It is within the district court's discretion to determine whether a particular court document should be restricted. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978).

Loxo argues that Array's motion to redact the transcript should be denied because the portions that Array seeks to redact contain public information. Docket No. 191-1 at 1. According to Loxo, because these statements – in which Array's trade

---

[1] Loxo does not oppose the motion to the extent it seeks to redact one word on page 162, line 18 of the transcript. Docket No. 191-1 at 2 n.1.

2

secrets were purportedly disclosed – were made in conjunction with a discussion of a non-confidential PowerPoint slide, the information that Array seeks to redact "does not qualify as information that is 'maintained confidentially' or 'trade secret' . . . and therefore does not warrant restriction under" D.COLO.LCivR 7.2(c). *Id.* at 6.

The Court disagrees. Array has met its burden of demonstrating that redaction of the hearing transcript in this limited manner is appropriate. First, the Court finds that Array seeks to redact information that may reveal its trade secrets. At the start of the hearing, the parties agreed to refer to Array's trade secrets using generic names. Despite this, when cross-examining Array's witnesses, counsel for Loxo identified the specific protein inhibitors or clinical candidates that are the subject of Array's Trade Secrets 1 and 8(a). Had the generic names been used throughout the hearing, redaction would not be necessary. Docket No. 194 at 2.

During the hearing, Dr. Nicholas Saccomano, Array's Chief Scientific Officer, testified that the identity of Array's programs was "proprietary" and "confidential" to Array. Docket No. 148 at 17:24-18:1. He stated that the mere fact that Array had identified the clinical candidates that are the subject of its trade secrets was proprietary and confidential to Array, *id.* at 18:19-22, and that the structures that are discovered as part of Array's drug discovery process is "highly proprietary and confidential" information. *Id.* at 15:17-21. As a result, Array argues, and the Court agrees, that Array "would suffer competitive harm if competitors knew what targets it was pursuing in the pre-clinical stage." Docket No. 194 at 2.

To the extent that Loxo argues that Array seeks to redact public information, the Court is unpersuaded. Loxo points to the testimony of Dr. Saccomano, in which he

3

stated that certain information was "public domain" information that "doesn't matter." *See* Docket No. 191-1 at 2 (citing Docket No. 148 at 53:13-17). But Dr. Saccomano did not testify that Array's trade secret programs, and the clinical candidates or protein inhibitors that they focus on, are public information. Rather, he was referring to information contained on a Loxo PowerPoint slide, which did not reveal the programs that Array is working on and seeks to keep confidential.[2] Array seeks to redact explicit references to certain clinical candidates that are made in direct reference to Array's Trade Secrets 1 and 8(a) and which, in context, would reveal the nature of its trade secret programs. *See* Docket No. 148 at 110:3-21 (stating the name of the protein target that is the subject of Trade Secret 8(a) and then correctly referring to Trade Secret 8(a)). The Court finds that Array's request is limited to the redaction of information that is confidential to Array.

Second, Loxo argues that the information Array seeks to redact "falls squarely within the kind of information the public has a fundamental interest in accessing to assure the fair operation of its courts." Docket No. 191-1 at 6. The Court finds that the private interest in redacting the transcript outweighs the public interest in accessing the unredacted transcript. Rule 26(c) of the Federal Rules of Civil Procedure allows the Court to protect materials containing "trade secret or other confidential research,

---

[2]Insofar as Loxo's argument can be read as an argument that, because related information was contained on exhibits submitted into evidence at the hearing, *see* Docket No. 191-1 at 6 (stating that the information is "'public domain' information; specifically, the information disclosed on pg. 2 of Exhibit 80"), these hearing exhibits have not been publicly filed on CM/ECF. Exhibits 80, 116, and 135, all referenced by Loxo as containing this "public information," *see* Docket No. 191-1 at 3, were filed on CM/ECF under seal, *see* Docket No. 116-1 at 148; Docket No. 116-4 at 62, at 81.

development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Array asserts that it "would suffer competitive harm if competitors knew what targets it was pursuing in the pre-clinical stage." Docket No. 194 at 2. The prevention of such harm is a compelling reason to redact these few portions of the transcript. *See Jones v. Avidyne Corp.*, 2010 WL 3829215, at *1 (D. Or. Sept. 24, 2010) (where party "asserted that it would be harmed in the competitive marketplace if [information it sought to redact was] publicly disclosed," court found "compelling reason to restrict public access to those limited portions of the transcript."); *see also Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing.").

While Loxo argues that the public has a fundamental interest in accessing the information Array wants redacted, Loxo provides no relevant authority or argument demonstrating why the public has an interest in knowing a company's proprietary trade secrets. Trade secrets are one piece of information to which the public does not have a presumed right of access. *See Exelis, Inc. v. SRC, Inc.*, 2013 WL 5464706, at *2 (S.D.N.Y. Sept. 30, 2013) (granting motion to redact transcript and stating that "the public does not appear to possess an interest in the disclosure [of] the discrete pieces of information at issue (which include the bid strategies, dollar amounts, and customer analysis of a government-contract bidder in a competitive market" i.e., trade secrets). Rather, the public interest typically weighs in favor of preserving trade secrets. "[T]he public has a substantial interest in enforcing private property rights, including rights in trade secrets." *Loenbro Inspection, LLC v. Sommerfield*, No. 18-cv-01943-PAB, 2018

5

WL 3659396, at *2 (D. Colo. Aug. 2, 2018); see also Aortech Int'l PLC v. Maguire, 2014 WL 12602862, at *4 (D. Utah Dec. 22, 2014) ("There is a strong public interest in the preservation of trade secrets and the promotion of fair competition."). Accordingly, trade secrets are "the kind of information that courts will protect." *Valeant Pharmaceuticals*, 2019 WL 3843052, at *1. Further, Loxo has not set forth any argument that its interests will be harmed in any way should the transcript be redacted. *See Jones*, 2010 WL 3829215, at *2 (finding that balance between public's right of access and party's interest in confidentiality weighed in favor of party where party opposing redaction "ha[d] not demonstrated how an unredacted version of the transcript will advance their interests in a way the redacted transcript will not").

Array seeks to redact twelve words in a 279-page transcript. *See* Docket No. 174-1 at 5. The Court does not conclude that such a minor redaction would constitute harm to the public right of access to courts, as "the vast majority of the transcript remains unredacted and available to the public." *Jones*, 2010 WL 3829215, at *2; *see also Delaware Display Grp. LLC v. LG Elec. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) (stating that "the proposed redactions should be as narrow as possible"). The private interest in redaction outweighs the public interest in access to courts. For these reasons, the Court will grant Array's motion to redact the transcript.

Wherefore, it is

**ORDERED** that Defendant and Counterclaim-Plaintiff Array Biopharma Inc.'s Motion to Redact Portions of the June 11, 2019 Hearing Transcript [Docket No. 175] is **GRANTED**. It is further

**ORDERED** that the Transcript of Hearing on Motion for Preliminary Injunction [Docket No. 148] shall be redacted as set forth in Array's Motion to Redact.

DATED October 23, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge